Good morning, your honors. First of all, may it please the court. My name is Elizabeth Rodriguez on behalf of petitioner Lorena Espinoza And I would like to reserve three minutes for rebuttal There are two issues that I would like to discuss today The first is whether prior counsel acted inefficient and effectively when he in error conceded The petitioner did not meet the seven-year continuous residence requirement for purposes of the INA section 1240 AA and second whether such an effective assistance prejudice petitioner and that it may have affected the outcome of proceedings as to the first issue the lower courts and DHS argue that at the time of petitioners removal hearing a petitioner's removal hearing There was no reason counsel should have made the argument or would have known to make the argument Reasonably that she met them seven-year continuous residence requirement in terms of Excuse me scratch that And this is simply not true Counselor, can I ask you one question? Did you present in this record any record of what actually happened at the 1997? Hearing was there a transcript of that? There's some reference to listening to tapes Um, there was tapes that were listened to but there was not a transcript because petitioner never had the opportunity to appeal I believe that was conceded at that hearing. All right, that was not conceded. That was wait How do you know that the attorney? Conceded there was no cancellation of removal based on the seven-year requirement as Correct Yes, your honor, how did you meet the five-year requirement that wasn't met correct the five-year was So she became a legal permanent resident in 1993 and then her NTA was filed October of 1997 so That's four years, right That's four years. But what we're arguing today as that is that her time as a temporary legal permanent resident would have counted but no they're just like Aren't they two separate requirements the seven-year and the five-year? You have to meet both of them, correct? Yes, and she didn't meet both of them, correct? Well, we're arguing that she did meet the seven-year Requirements and I have here that she became a legal permanent resident March 5th of 1993 So she didn't meet the five-year Not based on what I have no so how Why was a concession by counsel that? She wasn't entitled to Cancellation of removal. Why was that concession era? It appears that she wasn't You Um Well, I think the issue that we're really honing into today your honor is a seven-year Requirements and that council conceded that the seven years was not met and based on that specific reason the immigration judge did not go through the process of being able to Analyze whether she was eligible for discretionary relief But as a matter of fact, she wasn't eligible if he was wrong about the seven years and he may well have been wrong about the seven years There's no prejudice because of the five-year she obviously didn't meet the five-year requirement And since you don't have a record of the proceeding, how do you know that specifically he was Saying she didn't meet the agreeing. She didn't meet the seven years as opposed to agreeing that she didn't meet the five years How do you know? Based on what she told us based on what she talked about with her attorney from what she could remember in her Dealings with him. I've got a related question. This is judge Fletcher on pages 10 and 11 of your brief You state that she became an LPR lawful permanent resident in August of 1991 Now if that were true, she's satisfied with five years What's the basis for the statement in your brief that she became an LPR in August of 91? Um Actually, I let me pull up the record of proceedings runner If we look at the NTA, I think that will give us the the answer of that I may have written it wrong in my notes here It seems to me, while you're looking, I'll just say that Judge Ammon has it right and you had it right when you initially stated That she became an LPR in March of 1993 That's what the material on the record that says that that's so But I'd be interested if there's other evidence that supports the August 91 date But there's no reference in the brief to any evidence that supports that statement Yeah, unfortunately our evidence was very limited because of the time that had passed and also again because Respondent never appealed again. That was waived. So we don't have a transcript of any of that The only thing we do have is the NTA and the I-213. We also don't have any documents which specifically Say the contrary, unfortunately Well, in your brief on page two You say that it was later adjusted to lawful permanent resident on March 5th, 1993 And you cite certified administrative records. So I thought you were actually conceding that it was March 1st of 1993 Or March 5th I didn't think that was now a disputed issue No, so I would I would go with what my brief said, Your Honor I have here that she Brief said temporary legal resident in 89 That's what I have here on my on the brief Temporary legal resident on 89 and then two years later she would have adjusted her status So that would make it 91 No, but you said 93 in your brief You said both things. You said 93 Yeah, right I do apologize. Unfortunately, I didn't catch that and I didn't personally write the brief You know what, let's hear from the government and you may be able to Do a little research or at least sort of recover your thoughts while we're hearing from the government Yes, thank you. Sorry about that, Your Honor Good morning. May it please the court. Roseanne Perry on behalf of the Attorney General The agency probably properly exercises broad discretion in denying petitioners untimely motion to reopen Petitioner failed to demonstrate prejudice from her former counsel's performance Warranting equitable tolling of the time limit on her motion to reopen The record establishes that petitioner did not have a claim for cancellation of removal at the time of her 1997 maritime Demonstrate eligibility for cancellation of removal She was required to show in part that she had resided in the United States continuously for seven years after having been admitted As the record shows petitioner's continuous presence was four years as it began on March 3rd 1993 when she became a legal permanent resident and ended with the service of the NTA on June 25th 1997. Are you talking about the seven year requirement didn't begin until 1993? Is that are you saying that? Yes, that's what I'm saying. But the statute itself 240 a says You count any status And well at temporary residence was a status. So she had met the seven-year requirement had she not not at that time because The board hadn't said that temporary legal residence could count towards the seven years of continuous presence until 1999 Forget what the board said the statute refers to the phrase having been here in any status Any status would be temporary residence status and Perez just confirmed that but I mean it seems obvious reading it that that was She met the seven-year requirement it appears she didn't meet the five-year requirement which I don't believe that you emphasize in your papers No, we didn't discuss that because the agency didn't discuss it Can I interrupt but on this the same point given that the agency talks only about the seven years And the agency doesn't talk about the five years Are we assume to assume that the only basis upon which the denial was made? Was the failure to satisfy seven and therefore we assume that five was satisfied I mean the facts don't bear it out, but there's nothing in the agency decision that relies on Now if the court believes that the that she did satisfy the seven years the case would need to Be remanded to the court so that the agency can consider whether she met the five-year requirement So, why do we have to remand agency had every opportunity to get this right it just didn't do it so we get a do-over Well, they they have to they would need to get a chance the court couldn't decide it in the first instance that She met the five-year requirement Even if she had no chance Even though it was right there in front of the BIA And they just didn't say a word about it instead they go off on this seven years Which and I agree with Judge Hammond that's a highly questionable conclusion given the word in the statute that says it is But the agency did say there was that there has to be a showing of prejudice, correct? And What is your argument with respect to prejudice? Well the Former counsel made a reasonable determination that she was not Said she did not satisfy the seven years considering that at that time temporary legal residence wasn't counted towards the seven-year requirement Well the IJ who Decided this most recently was also the same IJ who presided over her hearing in 97. Is that correct? Oh I'm not sure about that. Well, he talks about like it In his opinion, he says He talks about the hearing that they had and he said Based on the test of this is at page four of the opinion based upon the testimony and evidence admitted I found that the respondent was excludable as charged and then goes on to say the Eligibility for cancellation of removal certainly would not have changed the outcome of that decision Doesn't that mean that there was then no prejudice? I believe so You didn't make that argument You didn't make that argument in your brief. I don't think but No, I didn't It seems like if the ALJ is saying I Wouldn't have not based on what I heard at the hearing. I still wouldn't have granted her Cancellation of removal, which I guess is discretionary, correct? Based on what I heard in the hearing. So why isn't there no prejudice? That's what now that the IJ does say that Did you wave that argument We did not discuss we did not discuss that issue in the brief No, you know everywhere. I look there are missed arguments. This is one of the worst done cases I've ever seen in my whole life. I've been doing this for a long time You So, I'm not sure what to say is your only argument based upon The fact that she doesn't satisfy the seven years because if that's your argument, if that's your only argument you lose Well, she still didn't show due diligence. I the That due diligence can be shown if there was ineffective assistance of counsel and she didn't understand it Because once you finally realize what the problem is, then she can then she comes forward. You may very well have due diligence That's a that's a plausible, but in my view a relatively new problem I Guess you just I I don't believe that she exercised due diligence because she waited 16 years to Bring and file her motions to reopen What point does she realize that her lawyer I believe it was 16 years later after you know, she waited for you know, 16 years to bring it to another lawyer to To find out whether she could have relief Did you make a due diligence argument? No, I didn't because because the board didn't Make that decision did although the IJ Found that equitable tolling wasn't warranted that board did not consider that issue Does both the board you both have to consider the issue? Yes, the board needs to the board didn't consider the issue so Corporate of the reason of the IJ As As though we've managed to stump both of you Yes, that's true they did site matter of Burbano I The government would argue that there's still no prejudice I'm a part of the Formal counsel so because she did not show seven years of continuous presence Do you let me ask you did you make efforts to listen to the recording so to determine what the evidence was in 1997 No, we did not have the transcripts of of the case because she's not appealed a decision That she was not eligible for cancellation of removal   I Believe so. Yes Well counsel make reference to tape recordings or did they keep tape recordings? I'm not sure about that. Your honor. I just they make it we get them. Oh, they've been retained is another question But to make tape recordings, I Mean I don't know that we're even sure that the basis of the concession Was the seven years I'm not sure. I guess maybe the plaintiff says that was her understanding But we don't have a record to really know precisely what the basis of the concession was because had the concession been the five years It would have been obviously an appropriate concession You I'm not sure if we can get a transcript of the proceeding. That's something that I would have to There are no further questions in the bench and if you have nothing further we'll move to rebuttal Anything further? No, your honor. I don't and he had any further questions from the bench. I Thank you Let's hear for my bottle, please Excuse me As to the tape recordings your honor. I there is a declaration from primary counsel Murray helps that states that he did review the the tapes and he did make the determination in listening to those tapes that Concession was to the seven years Does he say that in his affidavit that the concession was to the seven years? He doesn't specifically say that but that is the whole purpose of his Briefing as to the seven years and why he believes there was ineffective assistance of counsel and throughout the lower courts That's what has really been an issue and I do apologize to the court that perhaps we didn't catch 91 versus 93 we just don't have a something Specifically either an LPR card old LPR card that says that or or not I Would note that Like the court said the government did not make an argument of due diligence and it's briefing and I also I would agree with the courts that if there was an effective assistance add to the seven-year Concession then she would have been prejudiced and that the lower courts did waive the Did you have a question That they did waive that That argument and further I believe in the immigration judge decision and also in the BIA and affirming that decision I believe that the Reasoning behind them finding that it would have not found in favor of Petitioner for under discretion. They specifically state on there that they were looking at Zealous advocacy and that The petitioner did have an opportunity to present her case But I would note that that zealous advocacy if there was any is thwarted by The council's lack of knowledge as to the seven-year Concession but no what the judge goes on to say though He's not saying that there was wasn't an effective assistance because he did such a good job at the hearing That's not what he's saying. He's saying that After having heard the hearing Testimony That her being her eligibility for cancellation of removal would not have changed the outcome That's a prejudice argument the fact that he he's not saying. Oh, it wasn't ineffective because he was so good at the hearing That's that's not what? What the judge was saying? I understand that but it was specifically that's the only thing that the immigration just specifically notes and Had there been a different finding in regards to the five-year requirement? I would say that the lower courts would have had to address that or had the opportunity to address that well, the Immigration judge does find though That March 3rd 1993 was the date that she became an LPR. So that is fixed in his opinion. I Did you write the brief or are you just coming for argument? No, I'm just coming for argument your you know, would you please tell mr. Schultz that if he's gonna write a brief like this He better come and defended himself. I Will I will do so. Thank you Any further questions from the bench No, okay. Thank you very much the case of Lopez Espinosa versus bar is now submitted for decision Thank you, have a good day. Thank you
judges: W.fletcher, Lee, Amon